**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:23-cv-24312**

ALCINA DENISE SCOTT,
        Plaintiff,

 v.

MIAMI-DADE COUNTY,
a political subdivision of the State of Florida;
JOVAN PEREZ, in his individual capacity;
JONATHAN MENOCOL, in his individual capacity.
        Defendants.
_____/

## COMPLAINT

Plaintiff, ALCINA SCOTT, by and through undersigned counsel sues Miami-Dade County

and its officers, Jovan Perez and Jonathan Menocal.

## INTRODUCTION

1. This is a civil rights action on behalf of Alcina Scott whose rights under the Fourth and Fourteenth Amendment were violated when she was illegally seized and subjected to excessive force by Miami-Dade County police officers.

2. This action for money damages is brought pursuant to 42 U.S.C. Sections 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and under the laws of the State of Florida against Miami-Dade County and individual police officers.

3. It is alleged that the individual police officer defendants arrested Plaintiff without probable cause and used excessive force when arresting her.

## PARTIES

4. Plaintiff Alcina Scott is a natural person who resides in Miami-Dade County, Florida.

5. Defendant Miami-Dade County is a political subdivision of the State of Florida.

1

6.  Defendants Jovan Perez (hereinafter "Perez") and Jonathan Menocol (hereinafter "Menocol") were duly appointed police officers of the Miami-Dade County.

7.  Perez and Menocol acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of Florida and/or the Miami-Dade County.

## JURISDICTION AND VENUE

8.  This action arises under the constitution and laws of the United States, particularly the Fourth and Fourteenth Amendments to the United States Constitution.

9.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331 and 1343, and on the supplemental jurisdiction of this court to entertain claims arising under state law pursuant to 28 U.S.C. Section 1367.

10. Venue is proper because the conduct complained of occurred in this district.

11. All conditions precedent to the maintenance of this action have been performed or have occurred prior to its institution including those set forth in Florida Statute Chapter 768.

## STATEMENT OF FACTS

12. On September 16, 2020, at approximately 6:30 PM, Alcina Scott (hereinafter "Ms. Scott") was playing video games in a bar located at 9203 NW 22nd Ave. Miami, FL 33147.

13. Ms. Scott was merely a patron at the bar.

14. Unbeknownst to Ms. Scott, Miami-Dade police officers had been conducting a narcotics investigation in reference to this bar.

15. On this night, dozens of Miami-Dade police officers executed a search warrant on the bar.

16. While playing video games, Ms. Scott heard a banging noise at the front door of the bar, which resembled the sound of gunfire. The source of the banging noise was the Miami-Dade police officers.

17. Out of fear, Ms. Scott dropped down to the floor by a pool table in the bar and began screaming.

18. Subsequently one of the bar employees pressed the buzzer to open the front door for Miami-Dade Police officers.

19. Miami-Dade police officers stood outside the door and yelled at everyone in the bar to "Come outside."

20. Ms. Scott readily complied with the officers' instructions. Ms. Scott got off the floor, raised her hands above her head, and went outside. Ms. Scott was the first person to step outside in response to the officers' instructions.

21. Immediately after stepping foot outside of the bar, Menocol grabbed Ms. Scott and threw her to the ground causing Ms. Scott to bang her knees on the asphalt.

22. As a result of the officer throwing Ms. Scott to the ground, Ms. Scott's phone, car keys and $70 in cash fell out of Ms. Scott's hand.

23. Miami-Dade police officers, including Menocol, restrained Ms. Scott's hands behind her back with zip ties.

24. Miami-Dade police officers then picked Ms. Scott up, walked Ms. Scott to another area of the parking lot and put her on the ground.

25. In total, four individuals, two of whom were employees, were taken out of the bar and placed on the ground outside.

26. Miami-Dade police officers conducted a search of Ms. Scott's person to include a pat down and a full-on search of Scott's clothing and pockets.

27. Perez conducted a warrantless search of Ms. Scott's vehicle and seized $675.00 in cash that belonged to Ms. Scott.

28. Ms. Scott did not consent to Perez's search of her vehicle.

29. Miami-Dade police officers placed Ms. Scott in a marked patrol car along with another Black woman who was also in the bar.

30. During their search, Miami-Dade police officers allegedly found cocaine in a toilet tank in the bar bathroom.

31. Miami-Dade police arrested Ms. Scott for First-Degree Felony Cocaine Trafficking and a Second-Degree Felony charge of Possession of a Place for the Purpose of Trafficking Cocaine.

32. Ms. Scott was the only individual arrested.

33. Prior to Ms. Scott's arrest, no officers conducted investigation questions.

34. On September 17, 2020, Ms. Scott appeared in court for her first appearance hearing.

35. The judge released Ms. Scott on her own recognizance after finding that there was no probable cause within the four corners of the arrest affidavit for the offenses Ms. Scott was arrested on.

36. On November 5, 2020, the State of Florida dismissed all charges against Ms. Scott.

37. At no time during the events described above was Ms. Scott violent or a threat to others.

38. Ms. Scott did not commit any violation of the law.

39. At no time, during the unlawful seizure, did Ms. Scott resist police.

40. The force used against Ms. Scott was unreasonable, unnecessary and excessive.

41. Defendant police officers arrested Ms. Scott without a warrant or probable cause.

42. As a direct and proximate cause of the said acts of the defendant's unlawful conduct, Ms. Scott suffered the following injuries and damages: a) violation of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution; b ) loss of liberty; physical pain and suffering, psychological and emotional trauma and suffering, humiliation, embarrassment and damage to reputation, all of which continue to this day and are likely to continue into the future.

43. The actions of the defendant officers violated the following clearly established and well settled federal constitutional rights of Plaintiff, of which a reasonable person would have known: a) freedom from unlawful seizure; b) freedom from excessive force.

## COUNT I
**42 U.S.C. §1983 Fourth Amendment Violation against Perez and Menocol individually, for (Unlawful Seizure-Without Legal Process/False Arrest)**

44. Plaintiff, Ms. Scott, re-alleges paragraphs one through forty-three and incorporates them by reference herein.

45. Ms. Scott has the right under the Fourth Amendment of the United States Constitution to be free from illegal seizure of her person by law enforcement officers.

46. On September 16, 2020, Defendants Menocol and Perez, under color of law, violated Scott's Constitutional right to be free from the illegal seizure of her person as described above.

47. Menocol arrested Scott by physically grabbing Ms. Scott and placing her into police custody.

48. Perez continued Ms. Scott's arrest by drafting the arrest affidavit and booking Ms. Scott into jail on charges of Cocaine Trafficking and Possession of a Place for the Purpose of Trafficking Cocaine, without probable cause or an arrest warrant.

49. Neither Defendant Menocol nor Defendant Perez had probable cause to arrest Ms. Scott.

50. No investigation was conducted into whether Ms. Scott had committed any crime.

51. There was no warrant for Scott's arrest.

52. The acts of Perez and Menocol violated Scott's clearly established right to be free from an unreasonable seizure in violation of the Fourth Amendment, enforceable through 42 U.S.C. §1983.

53. As a direct result of Menocol and Perez's actions, Scott suffered damages.

WHEREFORE, the Plaintiff, Alcina Scott, seeks judgment against Defendant Perez in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## COUNT II
**42 U.S.C. §1983 Fourth Amendment Violation against Perez and Menocol individually, for (Unlawful Seizure-With Legal Process/Malicious Prosecution)**

54. Plaintiff, Ms. Scott, re-alleges paragraphs one through forty-three and incorporates them by reference herein.

55. Ms.Scott has the right under the Fourth Amendment of the United States Constitution to be free from illegal seizure of her person by law enforcement officers.

56. On September 16, 2020, Defendants Menocol and Perez, under color of law, violated Scott's Constitutional right to be free from the illegal seizure of her person as described above.

57. While executing a warrant at 9203 NW 22nd Ave. Miami, FL 33147, Menocol arrested Scott by physically grabbing Ms. Scott and placing her into police custody.

58. Perez continued Ms. Scott's arrest by drafting the arrest affidavit and booking Ms. Scott into jail on charges of Cocaine Trafficking and Possession of a Place for the Purpose of Trafficking Cocaine, without probable cause or an arrest warrant.

59. Neither Defendant Menocol nor Defendant Perez had probable cause nor arguable probable cause to arrest Ms. Scott.

60. No investigation was conducted into whether Ms. Scott had committed any crime.

61. There was no warrant for Ms. Scott's arrest.

62. Perez and Menocol arrested Ms. Scott unlawfully and without probable cause, causing a criminal proceeding to be instituted against Ms. Scott in which Ms. Scott was arrested. Perez authored an Arrest Affidavit for Ms. Scott's arrest when he knew or should have known that he did not possess probable cause for Ms. Scott's arrest. Perez also added, to the Arrest Affidavit, the misleading statement that Ms. Scott was next to the bathroom in an attempt to fabricate probable cause for Ms. Scott's arrest. In doing so, Perez and Menocol acted with malice.

63. Ms. Scott's criminal case was dismissed by the Miami-Dade State Attorney's Office.

64. The acts of Perez and Menocol violated Ms. Scott's clearly established right to be free from an unreasonable seizure in violation of the Fourth Amendment, enforceable through 42 U.S.C. §1983.

65. As a direct result of Menocol and Perez's actions, Ms. Scott suffered damages.

WHEREFORE, the Plaintiff, Alcina Scott, seeks judgment against Defendant Perez in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## COUNT III

**42 U.S.C. §1983 Fourth Amendment Violation against Perez and Menocol Individually, for (Excessive Force)**

66. Plaintiff, Ms. Scott, re-alleges paragraphs one through forty-three and incorporates them by reference herein.

67. Defendant Menocol used objectively unreasonable and excessive force in his detention and arrest of Ms. Scott.

68. Upon entry into 9203 NW 22nd Ave. Miami, FL 33147, Miami-Dade Police Officers commanded that Ms. Scott exit the building.

69. Ms. Scott immediately complied with the Officer's demands.

70. Ms. Scott raised her hands in the air and walked out of the building.

71. While Ms. Scott was cooperating with the officer's commands Menocol seized Ms. Scott, without probable cause. Upon being seized, Ms. Scott offered no resistance. Nonetheless, without legal cause or justification, Menocol threw Ms. Scott to the concrete using force that was unreasonable, unnecessary, and excessive, causing Scott to fall to the pavement face first and on her knees. Ms. Scott experienced great pain and injury.

72. Menocol while acting in his capacity as detective and under color of law, did use excessive and unreasonable force on Ms. Scott.

73. The acts of Menocol violated Ms. Scott's clearly established right to be free from an unreasonable seizure in violation of the Fourth Amendment, enforceable through 42 U.S.C. §1983.

8

WHEREFORE, the Plaintiff, Alcina Scott, seeks judgment against Defendant Perez in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## COUNT IV
### 42 U.S.C. §1983 Fourth Amendment Violation against Perez Individually, for (Unlawful Search and Seizure)

74. Plaintiff, Ms. Scott, re-alleges paragraphs one through forty-three and incorporates them by reference herein.

75. Ms. Scott did not consent to Perez or any officer from the Miami-Dade Police Department to search her vehicle.

76. Perez entered Ms. Scott's vehicle without a search warrant and without any other legal justification.

77. Ms. Scott's vehicle was not subject to the search warrant as Ms. Scott's vehicle was not within the curtilage or the establishment located at 9203 NW 22nd Ave. Miami, FL 33147.

78. Perez searched Ms. Scott's vehicle and discovered $675 that he confiscated.

79. Perez while acting in his capacity as an officer and under color of law, did conduct an illegal search upon Ms. Scott's property.

80. The acts of Perez violated Ms. Scott's clearly established right to be free from unreasonable search and seizure under the Fourth Amendment, enforceable through 42 U.S.C. §1983.

WHEREFORE, the Plaintiff, Alcina Scott, seeks judgment against Defendant Perez in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## COUNT IV
### (State Tort of Battery against Defendant Menocol, Individually)

81. Plaintiff, Ms. Scott, re-alleges paragraphs one through forty-three and incorporates them by reference herein.

82. On September 16, 2020, Menocol, while acting in the course and scope of his duties as a police officer, did grab and throw Ms. Scott to the asphalt pavement against Ms. Scott's will and by using excessive and unreasonable force.

83. Menocol's actions caused harmful or offensive bodily contact with Ms. Scott.

84. Menocol's aggressive actions were done in bad faith, with malicious purpose, and with willful and wanton disregard for Ms. Scott's safety because Ms. Scott was not resisting and yet Menocol decided to treat Ms. Scott as though she was less than a human being.

85. As a result of Menocol's actions, Ms. Scott suffered damages which include bodily injury, physical suffering, or both; inconvenience; physical discomfort; loss of time; mental suffering; embarrassment; humiliation, disgrace and injury to her feelings and reputation; the emotional damage and reputation damage are continuing to this day and are likely to continue in the future.

86. Pursuant to 768.28, Florida Statutes, Ms. Scott, notified Defendant Miami-Dade County of this claim prior to filing this action and said claim was not resolved.

Wherefore, for the foregoing reasons, Alcina Scott demands this Court enter an award of damages against Defendant, Perez, Individually, for all damages allowed, by law, to include damages for Ms. Scott pain, suffering, bodily injury, loss of enjoyment of life, embarrassment, inconvenience, mental anguish and such other and further relief as the Court deems just and appropriate.

## COUNT V
### (State Tort of Battery against Defendant Miami-Dade County)

87. Plaintiff, Ms. Scott, re-alleges paragraphs one through forty-three and incorporates them by reference herein.

88. Defendant, Miami-Dade County, through its employee, Menocol, caused bodily harm to Scott by using excessive and unreasonable force to throw Ms. Scott to the ground causing her knees to hit the asphalt.

89. The actions of Defendant Miami-Dade County aroused fear in the person of Scott. The aforementioned battery was accomplished without the consent and against the will of Scott.

90. Plaintiff, Scott, has complied with the notice provisions of Florida Statutes Section 768.28 which is a condition precedent to the filing of a state tory against the County.

91. Defendant Miami-Dade County is vicariously liable for the tortuous acts of its employees that were committed within the scope and furtherance of their employment.

92. As a direct and proximate consequence of the acts of Miami-Dade County though its employees, Menocol, sustained severe physical injury, humiliation, emotional distress, pain and suffering, incurred substantial medical and other out-of-pocket expenses, and will continue to incur medical expenses.

WHEREFORE, the Plaintiff, Alcina Scott, seeks judgment against Defendant Miami-Dade County in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

### COUNT VII
**(State Tort of False Arrest against Defendant Miami-Dade County)**

93. Plaintiff, Scott, re-alleges paragraphs one through forty-three and incorporates them by reference herein.

94. Defendant, Miami-Dade County, is responsible for the conduct of the police officers in its employ while working in the course and scope of their employment.

11

95. Scott was arrested by Miami-Dade County police officers who were acting in the course and scope of their duties as police officers.

96. Menocol and Perez, while acting as a police officer of Defendant Miami-Dade County, physically deprived Ms. Scott of her freedom and liberty and restrained her in her movements both at the scene of the arrest and continuing at the Miami-Dade County Jail, and thereafter.

97. The restraint and arrest of Ms. Scott was unlawful and unreasonable in that it was not based upon lawfully issued process of the Court.

98. As a result of the actions of  Menocol and Perez, for which Defendant Miami-Dade County is responsible, Plaintiff, Ms. Scott, suffered damages which include bodily injury and/or physical suffering; inconvenience; physical discomfort; loss of time; mental suffering; embarrassment; humiliation, disgrace and injury to her feelings and reputation; the emotional damage and reputation damage are continuing to this day and are likely to continue in the future.

99. Pursuant to 768.28, Florida Statutes, Plaintiff notified Defendant Miami-Dade County of this claim prior to filing this action and said claim was not resolved.

WHEREFORE, the Plaintiff, Alcina Scott, seeks judgment against Defendant Miami-Dade County in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand trial by jury on all issues so triable.

**Respectfully submitted,**

/S/ Jeremy McLymont, Esq.
AsiliA Law Firm, P.A.
33 SW 2nd Ave. Ste. 1100

Miami, FL 33130
Tel. (786) 420.3014
Fax. (813) 549.2896
Jeremy@asilialaw.com
Florida Bar No.1010776
Attorney for Plaintiff